| | |
|---|---|
| FLAGER & ASSOCIATES, P.C.<br>BY: MICHAEL S. LEVIN, ESQUIRE<br>    ADAM D. FLAGER, ESQUIRE<br>I.D. No.: 78463 & 307062<br>One Northbrook Corporate Center<br>1210 Northbrook Drive, Suite 280<br>Trevose, PA 19053<br>(215) 953-5200 | JURY TRIAL OF TWELVE (12)<br>JURORS IS DEMANDED <br><br><br><br><br>Attorney for Plaintiffs |

IN THE FIRST JUDICIAL DISTRICT OF PHILADELPHIA

| | | |
|---|---|---|
| SHEILA SEIDNER and<br>STEVEN SEIDNER, h/w<br>540 Cedar Hollow Drive<br>Yardley, PA   19067<br>        Plaintiffs<br>    v.<br><br>BJ'S WHOLESALE CLUB, INC.<br>25 Research Drive<br>Westborough, MA   01581<br><br>    and<br><br>FRITO-LAY, INC.<br>7701 Legacy Drive<br>Plano, TX   75024<br>        Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA, PENNSYLVANIA<br><br><br><br><br><br>TERM, 2021<br>NO.: |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Case ID: 210301255

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

## AVISO

Le han demandado a usted en la corte. Si usted guiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra desu persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 210301255

## **CIVIL ACTION COMPLAINT**

1. Plaintiffs, Sheila Seidner and Steven Seidner, h/w are adult individuals and citizens and residents of the Commonwealth of Pennsylvania, residing therein at 540 Cedar Hollow Drive, Yardley, Pennsylvania.

2. Defendant, BJ's Wholesale Club, Inc., (hereinafter referred to as "BJ's") is a foreign corporation and merchant in the Commonwealth of Pennsylvania, with a corporate address of 25 Research Drive, Westborough, Massachusetts.

3. Defendant, Frito-Lay, Inc., (hereinafter referred to as "Frito"), is upon information and belief, a foreign corporation and merchant doing business in the Commonwealth of Pennsylvania, with a corporate address of 7701 Legacy Drive, Plano, Texas.

4. At all times relevant, Defendants, regularly conducted business in Philadelphia on a systematic and continuous basis to such an extent as to justify the exercise of the court's general in personam jurisdiction, and accordingly, venue is proper in this court pursuant to Pa.R.Civ.P. 2179.

5. On or about April 22, 2020, Plaintiff, Sheila Seidner, was a business invitee of the Defendant BJ's at their "wholesale club" located at 350 Commerce Blvd., Fairless Hills, Pennsylvania (hereinafter referred to as the "premises").

6. On the above date, Plaintiff, Sheila Seidner, a business invitee, was walking down the aisle when she was caused to slip, trip and fall due to a flattened cardboard box or boxes or similar item(s) being negligently placed and/or discarded in the aisle, by an employee of one of the defendants named herein, thereby creating an unavoidable hazard on the walking surface of the aisle. As a result, Plaintiff sustained bodily injuries which are more fully described herein.

Case ID: 210301255

COUNT I

PLAINTIFF, SHEILA SEIDNER v. DEFENDANTS, BJ'S WHOLESALE CLUB, INC. and FRITO-LAY, INC.

7. Plaintiff, Sheila Seidner, hereby incorporates the foregoing paragraphs as though they were more fully set forth at length.

8. The negligence and carelessness of the Defendants, through its agents, servants, workmen and employees, consisted of, but is not limited to, the following:

   (a) creating a tripping hazard by leaving an object directly in an area meant for visitors of the establishment, in a manner which created an unavoidable tripping hazard or trap for the plaintiff;

   (b) permitting, allowing or creating a dangerous condition to exist in and upon the premises which was supervised, maintained, controlled and/or owned by the Defendants, after they knew or should have known of said condition;

   (c) failure to ascertain that agents, servants, workmen and employees could safely perform their contracts;

   (d) negligently and/or carelessly disregarding a specific policy promulgated and mandated by defendant Frito-Lay (and/or defendant BJ's), which required employees emptying boxes while stocking product to "stand up" empty boxes in vertical fashion, which policy was specifically intended to avoid the creation of the very type of hazard encountered by plaintiff;

   (e) failure to properly train and/or supervise their agents, servants, workmen and employees;

   (f) negligent hiring and/or retention of employees;

(g) negligent selection of an improper contractor for its operations;

(h) failing to adequately train and supervise their agents, servants, borrowed servants, workmen and/or employees;

(i) failing to use due care and caution under the circumstances;

(j) disregard for the position and safety of customers such as Plaintiff;

(k) failing to perform or negligently performing routine safety inspections; and

(l) failing to give Plaintiff proper and adequate protection to which he was entitled to as a business invitee.

9. Defendants had actual and/or constructive notice of the dangerous condition on its premises prior to the aforesaid accident and/or created the dangerous condition, thereby imputing notice to the defendants by operation of law.

10. As a direct result of the aforesaid negligence and carelessness of the Defendants, Plaintiff, Sheila Seidner, sustained serious and painful injuries, including but not limited to: a left hip femoral neck fracture requiring surgical intervention in the form of a total hip replacement, post-surgical scarring and damage to her bones, cells, muscles, tissues and nervous system, some or all of which may be permanent in nature.

11. As a further result, Plaintiff has suffered such other injuries as might be discovered during the pendency of this case.

12. As a further result, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat and cure her injuries and ills and may be required to do so for an indefinite period of time into the future, all to his great financial detriment and loss.

Case ID: 210301255

13. As a direct result of the aforesaid accident, Plaintiff has suffered and may in the future suffer great physical pain, mental anguish, emotional suffering, and other non-economic losses.

14. Further, as a result of this accident, Plaintiff has suffered an interference with her usual duties, chores, life's pleasures and activities and may continue to suffer such interference in the future.

WHEREFORE, Plaintiff, SHEILA SEIDNER, demands judgment against the Defendants, BJ'S WHOLESALE CLUB, INC. and FRITO-LAY, INC. in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit and delay damages.

## COUNT II

### PLAINTIFF, STEVEN SEIDNER v. DEFENDANTS, BJ'S WHOLESALE CLUB, INC. and FRITO-LAY, INC.

15. Plaintiff, Steven Seidner, hereby incorporates the foregoing paragraphs as though they were more fully set forth at length.

16. As a direct result of the negligence and carelessness of Defendants, as mentioned above, and of the injuries to his wife, Plaintiff, Steven Seidner, has been obliged to expend various sums of money for medical attention and care and for medicines in an attempt to cure his wife of her injuries and he will be obliged to expend additional sums of money for the same purpose in the future.

17. As a further result, Plaintiff, Steven Seidner, has been deprived of his wife's assistance, comfort, companionship, services and consortium and he will continue to be so deprived for an indefinite time into the future.

WHEREFORE, Plaintiff, STEVEN SEIDNER, demands judgment against the Defendants, BJ'S WHOLESALE CLUB, INC. and FRITO-LAY, INC. in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit and delay damages.

FLAGER AND ASSOCIATES, P.C.

BY: _/s/ Michael S. Levin_____
MICHAEL S. LEVIN

JURY DEMAND

Plaintiffs hereby demand a jury trial of twelve jurors.

FLAGER AND ASSOCIATES, P.C.

BY: _/s/ Michael S. Levin_____
MICHAEL S. LEVIN

Case ID: 210301255

## VERIFICATION BASED UPON PERSONAL KNOWLEDGE AND INFORMATION SUPPLIED BY COUNSEL

I, Sheila Seidner, verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon the information which has been gathered by my counsel in preparation of this lawsuit. The language of the Complaint is that of counsel. I have read the Complaint, and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification.

I understand that intentional false statements herein are made subject to the penalties of 18 Pa. C.S. A. §4904 relating to unsworn falsifications made to authorities.

x *Sheila Seidner*